# EXHIBIT "B"

# EXHIBIT "B"

Electronically Filed
10/24/2017 11:04 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
RALPH E. PORTER, ESQ.
Nevada Bar No. 4130
**RALPH PORTER & ASSOCIATES, P.C.**
525 S. Ninth Street
Las Vegas, Nevada 89101
(702) 384-5800
Attorney for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| IRENE AVILA-LOPEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES PAUL MOORE CHAVARRIA;<br>JHM EXPRESS; DOES I through X; ROE<br>CORPORATIONS, I through X, inclusive,<br><br>    Defendants. | CASE NO.: A-17-763583-C<br>DEPT. NO.:<br><br>Department 14 |

## COMPLAINT

  COMES NOW, Plaintiff, IRENE AVILA-LOPEZ, and hereby complains and alleges as follows:

  1. That Plaintiff, IRENE AVILA-LOPEZ, was at all times relevant to this action a resident of Clark County, Nevada.

  2. That upon information and belief, at all times relevant to this action, the Defendant, JAMES PAUL MOORE CHAVARRIA, was a resident of Chatsworth, GA and was driving in the course and scope of his employment with Defendant, JHM EXPRESS, at the time of the subject collision on US 95 approximately 400 feet north of Tropicana Avenue in Las Vegas, Clark County, Nevada.

  3. Defendant, JHM EXPRESS, is a GA company doing business in Clark County, Nevada and employed Defendant, JAMES PAUL MOORE CHAVARRIA, at the time of the

subject collision on US 95 approximately 400 feet north of Tropicana Avenue in Las Vegas, Clark County, Nevada.

4. That at all times mentioned herein, Defendant, JAMES PAUL MOORE CHAVARRIA, was the operator of a motor vehicle being driven on Clark County streets and highways of the State of Nevada on US 95 approximately 400 feet north of Tropicana Avenue.

5. That the true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES I through X, and/or ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges each of the Defendants designated herein as a DOE and/or ROE CORPORATIONS is responsible in some manner for the events and happenings herein referred to, and in some manner caused the injuries and damages proximately thereby to the Plaintiff. Plaintiff will seek to amend this Complaint to insert the true identities of Defendants DOES I through X, and/or ROE CORPORATIONS I through X, inclusive, when the same has been ascertained by Plaintiff, together with the appropriate charging allegations, and to join such Defendants in this action.

6. That on or about July 24, 2017, Plaintiff, IRENE AVILA-LOPEZ, was traveling northbound on US 95. Defendant, JAMES PAUL MOORE CHAVARRIA, while driving in the course and scope of his employment with Defendant, JHM EXPRESS, was traveling northbound on US 95 behind the Avila-Lopez vehicle. As Plaintiff began to stop/slow to avoid a vehicle in front of her with the emergency flashers on, Defendant, JAMES PAUL MOORE CHAVARRIA, failed to stop and struck the rear of Plaintiff's vehicle.

. . . .

. . . .

. . . .

. . . .

# FIRST CAUSE OF ACTION

## (NEGLIGENCE)

7.  Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-6 as if more fully set forth herein.

8.  At such time and place, Defendant, JAMES PAUL MOORE CHAVARRIA, negligently, recklessly and/or carelessly maintained, controlled and operated the aforesaid vehicle by failing to use due care, failing to operate the vehicle in a safe manner under existing conditions, and failing to pay attention, all and each of which thereby directly and proximately caused the injuries and damages complained of herein, as suffered by Plaintiff.

9.  At all times mentioned, traffic rules, Clark County Ordinances and Nevada Revised Statutes were designed and implemented to protect a class of persons, in particular motorists, to which Plaintiff belonged, and Plaintiff's damages were the type of damages these rules/law were designed and enacted to prevent.

10.  Defendant, JAMES PAUL MOORE CHAVARRIA, violated these rules/laws and injured Plaintiff.

11.  As a direct and proximate result of the carelessness, negligence of Defendant, JAMES PAUL MOORE CHAVARRIA, Plaintiff sustained injury, all of which have caused, and will continue to cause Plaintiff physical, mental and nervous pain, suffering and disability.

12.  That as a result of the Defendants' negligence, Plaintiff has incurred, and may in the future incur, a loss of wages, the exact nature and extent of which are unknown at this time.

13.  That as a direct and proximate result of the negligence of Defendants, Plaintiff has sustained property damage and loss of use, the exact nature, extent and amount of which are unknown at this time.

14.  As a further direct and proximate result of said injuries, Plaintiff incurred

medical expenses in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

15. That Plaintiff has been required to retain the services of an attorney and has incurred costs of suit herein.

## SECOND CAUSE OF ACTION

## (NEGLIGENCE PER SE)

16. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-15 as if more fully set forth herein.

17. At all times mentioned, Clark County Ordinances were designed and implemented to protect a class of persons, in particular motorists, to which Plaintiff belonged, and Plaintiff's damages were the type of Clark County Ordinances were designed and enacted to prevent.

18. As a result of Defendant, JAMES PAUL MOORE CHAVARRIA'S, aforesaid negligent actions and/or failure to act, Defendant, JAMES PAUL MOORE CHAVARRIA, violated Clark County Ordinances and is therefore negligent per se.

19. As a direct and proximate result of Defendant, JAMES PAUL MOORE CHAVARRIA'S, aforesaid violation of Clark County Ordinances, Plaintiff has injured her health, strength and activity, sustained shock and injury to her body, nervous system and person, all and each of which have caused, and continue to cause Plaintiff physical, mental and nervous pain and suffering.

20. As a direct and proximate result of Defendant, JAMES PAUL MOORE CHAVARRIA'S, aforesaid violation of Clark County Ordinances, Plaintiff has incurred, and continue to incur, medical expenses, all to Plaintiff's general damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

21. That as a result of the Defendants' negligence, Plaintiff has incurred, and may in the future incur, a loss of wages, the exact nature and extent of which are unknown at this

time.

22. That as a direct and proximate result of the negligence of Defendants, Plaintiff has sustained property damage and loss of use, the exact nature, extent and amount of which are unknown at this time.

23. As a further result of Defendant, JAMES PAUL MOORE CHAVARRIA'S, violation of Clark County Ordinances, it has been necessary for Plaintiff to retain an attorney, and Plaintiff is therefore entitled to recover reasonable attorney fees and costs.

### THIRD CAUSE OF ACTION

### (RESPONDEAT SUPERIOR)

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 23, above, as though fully set forth.

25. That Defendant, JHM EXPRESS, employs Defendant, JAMES PAUL MOORE CHAVARRIA, and he was in the course and scope at the time of the subject collision.

26. That Defendant, JHM EXPRESS, is vicariously liable for the negligence of its employee and Defendant, JAMES PAUL MOORE CHAVARRIA.

27. That as a result of the negligence of Defendants, Plaintiff was injured and caused to suffer great pain of body and mind, some of which conditions are permanent and disabling all to her general damage in the amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

28. As a further, direct and proximate result, Plaintiff incurred expenses for medical treatment, some of which are ongoing.

29. That as a result of the Defendants negligence, Plaintiff has incurred, and may in the future incur, a loss of wages, the exact nature and extent of which are unknown at this time.

30. That as a direct and proximate result of the negligence of Defendants, Plaintiff

has sustained property damage and loss of use, the exact nature, extent and amount of which are unknown at this time.

31. Plaintiff has been required to retain an attorney to prosecute this action and is entitled to reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### (NEGLIGENT SUPERVISION & TRAINING AND/OR HIRING & RETENTION)

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31, above, as though fully set forth.

33. That Defendant, JHM EXPRESS, had a duty to hire, train and supervise competent drivers in order to avoid injuring innocent people.

34. That Defendant, JHM EXPRESS, had a duty to maintain its company vehicles in proper working order and to implement policies and procedures in order to avoid incidents/accidents.

35. That Defendant, JHM EXPRESS, failed to hire competent drivers and failed to properly train and supervise their drivers, thereby causing this incident.

36. That Defendant, JHM EXPRESS, failed to maintain its vehicle in proper working order and/or failed to implement policies and procedures to avoid incidents/accidents, thereby causing this incident.

37. That as a result of the negligence of Defendants, Plaintiff was injured and caused to suffer great pain of body and mind, some of which conditions are permanent and disabling all to her general damages in the amount in excess of TEN THOUSAND DOLLARS ($10,000.00).

38. As a further, direct and proximate result, Plaintiff has incurred expenses for medical treatment, some of which are ongoing.

39. That as a result of the Defendants negligence, Plaintiff has incurred, and may in

the future incur, a loss of wages, the exact nature and extent of which are unknown at this time.

40. That as a direct and proximate result of the negligence of Defendants, Plaintiff has sustained property damage and loss of use, the exact nature, extent and amount of which are unknown at this time.

41. Plaintiff has been required to retain an attorney to prosecute this action and is entitled to reasonable attorneys' fees.

WHEREFORE, Plaintiff, expressly reserves the right to amend this Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, and demands Judgment against Defendants as follows:

1. General damages in an amount in excess of $10,000.00;

2. Damages for costs of medical care and treatment;

3. Damages for loss of earnings and/or loss of earning capacity;

4. Damages for property damage and loss of use when the same have been fully ascertained;

5. Reasonable attorney fees and costs of suit incurred herein;

6. For such other and further relief as the Court may deem proper in the premises.

DATED this 23 day of Oct, 2017.

**RALPH PORTER & ASSOCIATES**

RALPH E. PORTER, ESQ.
Nevada Bar No. 4130
525 S. Ninth Street
Las Vegas, Nevada 89101
Attorney for Plaintiff